IN RE SOWDERS.

[No. 0-738. Filed June 3, 1965.]

*Kenneth W. Sowders, pro se.*

ACHOR, J.—Petitioner has filed *pro se* a lengthy but mostly incomprehensible paper which he entitled "Petition for Issuance of Citation to Public Defender." Within its many pages of disconnected assertions and accusations it appears that on several occasions the petitioner had requested the services of the public defender to represent him in a post conviction action to vacate a judgment wherein he was convicted of armed robbery upon his plea of guilty and that the public defender in each instance refused to represent the petitioner. The gist of petitioner's complaint on the merit appears to be that at the time his case was set for trial and he changed his plea from not guilty to guilty, he was under the influence of drugs and his will was overborne by an attorney not of his counsel.

Our law is now well settled that, although it is the duty of the public defender under the statute [Burns' Ind. Stat. Anno. §13-1402 (1956 Repl.)] to represent indigent prisoners who have not timely prosecuted an appeal from their judgments of conviction, the public defender may refuse to represent a prisoner if, after diligent inquiry, he can find no grounds upon which in good conscience he can predicate a judicial review of the judgment of conviction. However, the law is also now well settled that this exercise of discretion by the public defender is not absolute, and that the prisoner is entitled to have the public defender's determination of the nonexistence

of any merit on which to base an appeal subject to the judicial scrutiny of this court. See: *Lane* v. *Brown* (1960), 372 U. S. 477; *Willoughby* v. *State* (1961), 242 Ind. 183, 167 N. E. 2d 881, reh. den. 177 N. E. 2d 465, cert. den. 374 U. S. 382. Accordingly, this court has, at petitioner's request, issued a citation to the public defender asking him to show cause why he has refused to represent the petitioner in his efforts to procure relief from his commitment, by way of a post conviction remedy.

The public defender has filed his answer to this court's rule to show cause, which answer contains a certified copy of the transcript of the proceedings had at the time of petitioner's conviction, plus a history of the proceedings had in this cause prior to the time of the filing of such answer by the public defender.

This record discloses that on the morning following the robbery petitioner signed a confession in which he stated that on August 28, 1958, he and "another fellow" [Leroy Masterson] robbed the Four Hour Cleaners in the city of Indianapolis, during which petitioner hit the woman attendant at the establishment, and described the ensuing events as follows: "I told her to give me the money and she said I will give you anything but don't hit me any more," after which "she opened it [the cash register] for us and we grabbed the money and ran to the car." Within a short time thereafter petitioner and Masterson were arrested and taken to police headquarters where they were identified by the store attendant. Thereafter both of said parties were charged by affidavit with "Robbery and Commission of Robbery While Armed," to which charge each pleaded not guilty. It further appears that said cause of action was set for trial on February 24, 1959, at which time both of the defendants ap-

peared in person, the record stating: "and Masterson, represented by Max Hosea, his attorney, and Sowders represented by A. F. Zainey, his attorney." Preliminary to the trial, both of the defendants and their attorneys were called before the court. There was an extended colloquy between the court, attorneys and defendants, as to whether trial was to be had by the court or by a jury. On this question, Masterson agreed to trial by the court but petitioner Sowders was undecided. At first he said that he had several alibi witnesses who had not been subpoened and were not present. However, after further interrogation on this point, he stated with respect to such witnesses, "I can get Senator ————— and several big wheels. . . . people to swear to my character." It also developed that the defendant Masterson was considering changing his plea; whereupon the court declared a recess, stating: "You can talk to your wife (referring to petitioner) and attorneys during the recess." After the recess, attorney Hosea waived trial by jury and entered a plea of guilty for and on behalf of Masterson. Thereafter, the court and attorneys Hosea and Zainey interrogated the defendant Masterson and other witnesses regarding the circumstance of the crime. Thereafter, attorney Hosea made a plea for leniency to the court. The state recommended a sentence of two years on the State Farm. However, the court entered a sentence of 10 years to the Indiana State Prison.

Thereafter the petitioner Sowders was called before the court and Mr. Hosea entered a plea of guilty for said petitioner. Before accepting this plea, the court entered into an extensive interrogation of the petitioner as to his understanding of the rights to which he was entitled, both with regard to a trial before that court and of an appeal to the Indiana Supreme Court. This interrogation was, in part, as follows:

"Q. You understand when you enter a plea of guilty there is nothing for the Court to do but impose some sort of a penalty?
. . .
Q. *You have discussed this with your attorney?*
A. *Yes, sir.*
Q. All right, knowing all this do you desire to plead guilty?
A. Yes, sir." [Our emphasis.]

Thereafter the court and attorney Hosea interrogated the petitioner concerning various events related to the crime—attorney Zainey injected himself into the interrogation on only a single occasion. During this interrogation Nina Garza, the attendant at the Four Hour Cleaners, stated that during the robbery she was struck with a blackjack which caused a gash in her head, which required numerous stitches. The blackjack was introduced in evidence. The interrogation also included testimony regarding petitioner's previous convictions and involvements with the law, after which attorney Hosea made an extended plea for leniency to the court. The court asked for a recommendation by the state, which recommended a determinate sentence of 10 years, which was the minimum sentence for the crime charged. Thereafter the court entered a judgment finding the petitioner guilty of armed robbery, as charged, and ordered him committed to the Indiana State Prison for a determinant period of 10 years.

Under the record before us, including the evidence which could properly have been introduced had petitioner been tried for the offense charged, there is no doubt as to the sufficiency of the evidence to support a conviction and the petitioner does not contend otherwise.

As previously stated, petitioner seems to contend that he was persuaded to withdraw his plea of not

guilty and enter a plea of guilty by an attorney whom he had not employed and that at the time of this decision he was under the influence of drugs which interfered with his making a free and independent decision. With respect to the contention we do note that attorney Zainey appeared of record for petitioner and that attorney Hosea announced to the court petitioner's intention to change his plea and enter a plea of guilty. However, the record further discloses that both of said attorneys, in fact, involved themselves in the defense of both defendants, and that the court before accepting the plea of guilty on behalf of this petitioner personally explained petitioner's rights in event of a trial at great length; explained the consequences of a plea of guilty, and finally specifically asked him, as previously noted: "You have discussed this with *your* attorney?", to which the petitioner answered, "Yes, sir." [Emphasis supplied.]

Thus we are confronted with a record in which petitioner is extremely indefinite as to the circumstances relating to his consumption of drugs prior to his plea of guilty; and petitioner's participation in the extensive colloquy with the court and the fact that neither he nor his attorney raised any question as to the issue, strongly negates petitioner's contention that he was under such influence of drugs as to invalidate his plea of guilty. Furthermore, petitioner's own testimony demonstrates that his decision to plead guilty was made after discussion with his own attorney, which is contrary to his present contention.

The petition is therefore denied.

Jackson, C. J., Arterburn, Landis & Myers, JJ. concur.

NOTE.—Reported in 207 N. E. 2d 629.