## IN RE JAMES.

[No. 0-748. Filed April 22, 1966.]

*Leonard James, pro se.*

PER CURIAM.—The petitioner, a Negro, has filed his petition asking for a citation to the Public Defender that he show cause why he should not represent petitioner in a petition for a writ of error coram nobis. The Public Defender has filed his return.

Petitioner alleges that he was imprisoned in the Indiana State Prison on November 29, 1956, for a life term as the result of a second degree murder conviction in Hancock County, Indiana; that petitioner is proceeding as a pauper and that the Public Defender has refused to represent him notwithstanding petitioner's rights are being violated under the Constitution of the State of Indiana and the Fourteenth Amendment to the Constitution of the United States; that Negroes were systematically excluded from the jury which convicted petitioner by officials of Hancock County, Indiana; that petitioner, pro se, on January 10, 1958, filed in the trial court his petition for a writ of error coram nobis which was denied; that he filed a petition for a writ of mandate in this court which was denied on July 1, 1958, because it did not conform to Rule 2-35 of the Rules of the Supreme Court; that because of the refusal of the Public Defender to defend petitioner, petitioner has been deprived of equal protection of the laws as guaranteed by the Fourteenth Amendment to the Constitution of the United States; that a copy of the petition was furnished to the Public Defender; that petitioner seeks to proceed as a pauper.

In reviewing the Petition for Issuance of Citation to Public Defender and the Return of the Public Defender thereto, we find no error.

The burden of proof as to systematic exclusion of ■ Negroes on the jury is on petitioner, and he has not sustained that burden in his petition.

This court, in *Barker* v. *State* (1963), 244 Ind. 267, 271, 272, 191 N. E. 2d 9, 12, which is not cited in the Public Defender's Return, reiterated its position previously held in *State ex rel. McManamon* v. *Blackford C. Ct.* (1950), 229 Ind. 3, 11, 95 N. E. 2d 556, 559, as follows:

" 'We have repeatedly held that a coram nobis proceeding is in the nature of a motion for a new trial and that it is also in the nature of a civil action. It is in the nature of the former because its object is to secure the setting aside of a judgment and a retrial of the matter upon which judgment had been rendered. It is in the nature of the latter because it presents a new and different cause for trial wherein the burden of proof is on him who requests relief from the judgment. It is not a trial of the original cause, but merely a determination of whether or not some fact or facts were in existence but unknown to the moving party and to the court which, if known, would have caused the court to rule differently.' "

Burns' Ind. Stat., 1933, 1956 Replacement, § 10-903, states discrimination as to race or color of jurors to be a misdemeanor. From the facts before us, the allegation of discrimination, at best, is imaginary. There is no evidence whatsoever to substantiate this allegation as to the exclusion of Negroes from the jury.

The Public Defender's Return states that petitioner alleges that he was indicted for first degree murder and the law prohibited the jury from finding him guilty of a lesser ■ and included offense, that of second degree murder. Although no specific mention of this allegation can be found in petitioner's petition, the citation of the first *Barker* case, *Barker* v. *State* (1958), 238 Ind. 271, 150 N. E. 2d 680, in the Return of the Public Defender, is clearly correct. The

Public Defender undoubtedly cites this point because of previous correspondence with petitioner rather than allegations in the writ before this court. The first *Barker case* clearly states that the offense of second degree murder is a lesser and included offense in first degree murder.

The Public Defender rightly states that to grant the petition would be frivolous. The record appears to be complete upon its face. The case of *Willoughby* v. *State* (1961), 242 Ind. 183, 197, 167 N. E. 2d 881, 177 N. E. 2d 465, 471, 472, is clearly in point, and we quote from it:

" '* * * the State will neither bolt the door to equal justice nor support a wasteful abuse of the appellate process.' "

The petitioner also contends that the Public Defender's refusal to afford him counsel has discriminated against his rights as guaranteed by the Constitution of the United States.

Information clearly shows that petitioner has been in communication with the Public Defender since 1958. As a further indication of this, we point out the Public Defender's statement that petitioner was found guilty of a lesser and includable offense. Petitioner states that this is not permissible, as set forth, *supra*, in this opinion. We note again that this allegation is not included in petitioner's petition and must have been related to the Public Defender in another manner than by the petition now before this court.

From an examination of the petition and the investigation made by the Public Defender, it appears that the Public Defender is justified in declining to represent the petitioner.

The petition is hereby denied.

NOTE.—Reported in 215 N. E. 2d 863.