Roy Jacey EVANS, Petitioner-Appellant,

v.

Ward LANE, Indiana State Prison, succeeded by Russell Lash since this cause was initiated, Respondent-Appellee.

No. 17431.

United States Court of Appeals
Seventh Circuit.

Jan. 7, 1970.

Ronald J. Sklar, Chicago, Ill., for petitioner-appellant.

William F. Thompson, Theodore L. Sendak, Atty. Gen. of Indiana, Mark Peden, Deputy Atty. Gen., Indianapolis, Ind., for respondent-appellee.

Before KNOCH, Senior Circuit Judge, KERNER, Circuit Judge, and GORDON, District Judge.[1]

KERNER, Circuit Judge.

Petitioner appeals from the denial, without a hearing, of his Habeas Corpus Petition, brought pursuant to 28 U.S.C. § 2254. On appeal petitioner asserts two independent grounds for relief. First, it is urged that the case be remanded for a hearing to determine whether the petitioner knowingly and intelligently waived his constitutional right to a full direct appeal. Second, it is urged that the Indiana post-conviction procedures contained in Indiana Supreme Court Rules 2–40 and 2–40A[2] are

1. Judge Myron L. Gordon is sitting by designation from the United States District Court for the Eastern District of Wisconsin.

2. Rules 2–40 and 2–40A of the Supreme Court of Indiana read in relevant part:

Rule 2–40. In the event a belated motion for a new trial is filed in forma pauperis, it shall be the duty of the public defender of the State of Indiana to represent the petitioner in said proceedings, if he, after diligent inquiry, finds merit thereto, subject, however, to the provisions of Rule 2–40A [infra].

Rule 2–40A. It shall be the duty of the public defender of the State of Indiana to represent indigent persons who are inmates of penal institutions of the State of Indiana after their time for regular or timely appeal has ex-

pired, if requested so to do * * * petitions for belated motions for a new trial, and petitions for writs of certiorari if he, after diligent inquiry, finds any grounds upon which to sustain such proceedings. In the event of the failure or refusal of the public defender to represent any petitioner in such cases (as provided in Rule 2–40 [supra]), upon petition filed in the clerk's office of the Supreme Court setting up such facts that the public defender has failed or refused to represent them, a citation shall be issued to the public defender by this Court to show cause why he does not represent the petitioner, and he shall file his response and report with the clerk of this Court, which shall become a part of the record in this cause. Upon due consideration of said response and report, the Court shall determine wheth-

violative of the equal protection and due process clauses of the fourteenth amendment, and that petitioner, an indigent, should be provided with a full transcript of all proceedings in his case and an attorney to pursue his rights in an attempt to obtain a belated appeal.

Petitioner was convicted on April 28, 1959, of first degree murder and was sentenced to life imprisonment on May 6, 1959. Under Indiana law, petitioner had ninety days from June 2, 1959, to file an appeal, but on June 9, 1959, the petitioner was transferred from Indiana State Prison, where he had been taken after sentencing, to a State mental institution in Westville, Indiana. No steps were taken to perfect a direct appeal from the petitioner's conviction. The petitioner remained in the institution until March 28, 1963, a period of almost four years, and then returned to Indiana State Prison, where he is presently incarcerated.

Rules 2–40 and 2–40A of the Indiana Supreme Court require the public defender to represent an indigent prisoner in his attempt to secure a belated appeal if he finds any grounds upon which to sustain such proceeding. If the public defender refuses to provide such representation, because an appeal would be without merit, the Indiana Supreme Court may, after submission of a petition by the prisoner and a report by the public defender, order the public defender to provide the requested assistance. In such a proceeding before the Indiana Supreme Court, the petitioner acts *pro se* and is not entitled to a transcript. An indigent who is successful in such a petition before the Supreme Court, has an attorney appointed to represent him in his attempt to receive a belated appeal, and is then in the same situation as a defendant who is solvent and has retained a private lawyer to represent him, and is able to purchase a transcript.

Consequently, Indiana Post-Conviction Rules 2–40 and 2–40A have been held to "create[s] an additional obstacle for an indigent in the event the public defender refuses to assist him. * * *" Newland v. Lane, 418 F.2d 143 (7th Cir., Nov. 10, 1969), and violative of the equal protection clause of the fourteenth amendment. *See* Frazier v. Lane, 282 F.Supp. 240 (N.D.Ind.1968):

> Any kind of screening procedure by which an indigent defendant such as petitioner herein must first run the gauntlet of a preliminary showing of merit before a person who, at best, stands in the position of amicus curiae, clearly does not come up to the standard demanded by the equal protection clause. The deficiency is not solved by allowing the Indiana Supreme Court to review the response and report of a public defender who has refused representation of an indigent defendant for the reason that there simply has been no representation by one acting as an active advocate. 282 F.Supp. at 245.

Subsequent to petitioner's appeal to this court, however, the Indiana Supreme Court passed new rules to provide for post-conviction relief. The new Indiana post-conviction rules entitled PC–1 and PC–2,[3] effective August 1, 1969,

---

er or not an order shall issue requiring the public defender to represent the petitioner.

3. RULE PC 1. POST CONVICTION RELIEF.

SECTION 1. Remedy—To Whom Available—Conditions.

(a) Any person who has been convicted of, or sentenced for, a crime by a court of this State, and who claims:

(1) that the conviction or the sentence was in violation of the Constitu-

tion of the United States or the Constitution or laws of this State;

(2) that the court was without jurisdiction to impose sentence;

(3) that the sentence exceeds the maximum authorized by law, or is otherwise erroneous;

(4) that there exists evidence of material facts, not previously presented and heard, that requires vacation of the conviction or sentence in the interest of justice;

(5) that his sentence has expired, his probation, parole or conditional release

provide in pertinent part that, "Upon receiving a copy of the petition including an affidavit of indigency * * * the Public Defender shall serve as counsel for petitioner." PC–1 § 9.

Petitioner asserts, however, that PC–1 and PC–2 do not afford him adequate review and suffer from the same constitutional infirmities as the old post-conviction rules 2–40 and 2–40A. Petitioner contends that PC–1 and PC–2 are unconstitutional because the new rules do not afford him access to a transcript of his trial as a matter of right, and that the only method by which he could receive such transcript would be if the

unlawfully revoked, or he is otherwise unlawfully held in custody or other restraint;

(6) that the conviction or sentence is otherwise subject to collateral attack upon any ground of alleged error heretofore available under any common law, statutory or other writ, motion, petition, proceeding, or remedy;

may institute at any time a proceeding under this Rule to secure relief.

(b) This remedy is not a substitute for a direct appeal from the conviction and all available steps including those under Rule PC 2 should be taken to perfect such an appeal. Except as otherwise provided in this Rule, it comprehends and takes the place of all other common law, statutory, or other remedies heretofore available for challenging the validity of the conviction or sentence and it shall be used exclusively in place of them. This Rule supersedes present Supreme Court Rules 2–40, 2–40A and 2–40B.

(c) This Rule does not suspend the writ of habeas corpus, but if a petitioner applies for a writ of habeas corpus, in the court having jurisdiction of his person, attacking the validity of his conviction or sentence, that court shall under this Rule transfer the cause to the court where the petitioner was convicted or sentenced, and the latter court shall treat it as a petition for relief under this Rule.

\* \* \* \* \*

SECTION 9. Counsel.

(a) Upon receiving a copy of the petition, including an affidavit of indigency, from the clerk of the court, the Public Defender shall serve as counsel for petitioner, representing him in all proceedings under this Rule, including appeal, if necessary. Petitioner retains the right to employ his own counsel or to proceed pro se, but the court is not required to appoint counsel for a petitioner other than the Public Defender.

In the event petitioner elects to proceed pro se, the court at its discretion may order the cause submitted upon affidavit. It need not order the personal presence of the petitioner.

Counsel shall confer with petitioner and ascertain all grounds for relief under this Rule, amending the petition if necessary to include any grounds not included by petitioner in the original petition.

RULE PC 2. BELATED MOTION FOR NEW TRIAL—BELATED APPEAL.

SECTION 1. Any defendant convicted after a trial or plea of guilty may petition the court of conviction for permission to file a Belated Motion for New Trial, where:

(a) No timely Motion for New Trial was filed for the defendant;

(b) The failure to file a timely Motion for New Trial was not due to the fault of the defendant; and,

(c) The defendant has been diligent in requesting permission to file a Belated Motion for New Trial under this Rule.

The trial court shall not consider the merits of the motion, but shall determine whether there are grounds for allowing the Belated Motion for New Trial to be filed, in a hearing conducted according to Sect. 5, Rule PC 1.

If the trial court finds such grounds, it shall permit the defendant to file the motion, and the motion shall then be treated for all purposes as a Motion for New Trial filed within the prescribed period.

If the trial court finds no such grounds, it shall deny defendant permission to file the motion. Defendant may appeal such a denial and the only assignment of error required is that the trial court ruling is contrary to law.

SECTION 2. Any defendant convicted after a trial may petition the Supreme Court for permission to file a Belated Appeal where:

(a) He filed a Motion for New Trial which was overruled;

(b) No appeal was perfected for the defendant;

(c) The failure to perfect the appeal was not due to the fault of the defendant; and,

(d) The defendant has been diligent in requesting permission to file a belated appeal.

public defender chose to exercise his discretion and requested one. In addition, although the petitioner admits the literal language of PC–1 § 9 requires the public defender to represent all indigents, he questions whether PC–1 § 9 will be interpreted in accordance with its literal language.[4]

In the absence of any Indiana state court interpretation of PC–1 and PC–2, it would be presumptuous of this court to speculate on what meaning the Indiana Supreme Court intended to give to PC–1 and PC–2. Principles of federalism require that the Indiana Court initially interpret its own post-conviction rules:

> [N]o principle has found more consistent or clear expression than that the federal courts should not adjudicate the constitutionality of state enactments fairly open to interpretation until the state courts have been afforded a reasonable opportunity to pass upon them [citations omitted].

Harrison v. N.A.A.C.P., 360 U.S. 167, 176, 79 S.Ct. 1025, 1030, 3 L.Ed.2d 1152 (1958).

Consequently, pursuant to the new Indiana Post-Conviction Rules, petitioner may be able to secure his desired relief. Because the new rules may provide such relief, we find that petitioner has not exhausted all of his available state remedies as required by 28 U.S.C. § 2254. See Case v. State of Nebraska, 381 U.S. 336, 85 S.Ct. 1486, 14 L.Ed.2d 422 (1965); Petition of Barry, 388 F.2d 592 (3d Cir.1965); Worley v. Swenson, 386 F.2d 186 (8th Cir.1967).

Petitioner should attempt to obtain relief under PC–1 and PC–2, at which time such rules would be interpreted. If petitioner is denied relief he would have

exhausted his remedies and may then file a § 2254 petition and raise, in light of an Indiana court interpretation, constitutional challenges to PC–1 and PC–2 and any other claims for federal relief.

Mr. Ronald J. Sklar, a reputable member of the Illinois Bar, was appointed by the court to represent defendant on this appeal pursuant to the Criminal Justice Act of 1964. We thank him for his excellent professional service.

Accordingly, the decision of the district court denying petitioner's Writ of Habeas Corpus is affirmed without prejudice to the appellant's right to assert a claim for federal relief after he has fully exhausted his available state post-conviction remedies.

Affirmed.

---

4. Petitioner also raised the contention that even if PC–1 and PC–2 provide an adequate remedy, petitioner cannot receive adequate representation by the Public Defender's Office since petitioner has twice before been denied representation by the Public Defender's Office because his appeal was determined to be frivolous. If PC–1 and PC–2 require the public defender to represent petitioner, we see no reason why petitioner will not receive representation which is commensurate with the highest standards of competency. Consequently, we find petitioner's contention unfounded.