Deborah A. NORTHCROSS et al.,
Plaintiffs-Appellants,

v.

BOARD OF EDUCATION OF the MEM-
PHIS, TENNESSEE, CITY SCHOOLS,
Defendants-Appellees.

No. 19993.

United States Court of Appeals
Sixth Circuit.

Dec. 19, 1969.

Motion for Injunction Pending Cer-
tiorari Denied Jan. 12, 1970.

Louis R. Lucas, Memphis, Tenn., Jack
Greenberg, Michael Meltsner, Norman J.
Chachkin, New York City, N. Y., on
brief, for appellants.

Jack Petree, Memphis, Tenn., Evans,
Petree, Cobb & Edwards, Memphis,
Tenn., on brief, for appellees.

Before WEICK and CELEBREZZE,
Circuit Judges, and O'SULLIVAN, Sen-
ior Circuit Judge.

ORDER

This cause is before this Court upon
the appeal of plaintiffs-appellants from
an order and judgment of the United
States District Court for the Western
District of Tennessee, Western Division,
and upon motions of plaintiffs-appellants
denominated Motion for Summary Re-
versal and Motion to Require Adoption
of Unitary System Now. These Motions
requested us to hear the appeal and said
motions without waiting the filing in
this Court of a full transcript of the
proceedings underlying the order from
which the appeal is taken. However,
this Court, on its own motion, advanced
the hearing of the cause and it was sub-
mitted to a panel of this Court on De-
cember 17, 1969, upon briefs oral argu-
ment and a partial transcript.

This case has been before us previous-
ly on two occasions. In Northcross v.
Board of Ed. of City of Memphis, 302
F.2d 818 (6th Cir. 1962), cert. denied,
370 U.S. 944, 82 S.Ct. 1586, 8 L.Ed.2d
810, we held that the Tennessee Pupil
Assignment Law was ineffective as a
desegregation plan and restrained the
Board from operating a bi-racial school
system in Memphis, or in the alternative
to adopt a plan looking toward the reor-
ganization of the schools and to retain
jurisdiction.

Upon the remand, the District Court
ordered desegregation of the Memphis
Schools in accordance with a plan of de-

segregation. On appeal, we held the transfer provision of the plan invalid, and required the Board to justify all existing zone lines. Northcross v. Board of Ed. of City of Memphis, 333 F.2d 661 (6th Cir. 1964). Subsequent thereto the District Court approved a modified plan for desegregation. Other proceedings were had, including consideration of a Motion for Further Relief, upon which the order before us on appeal was entered.

The District Judge, in an opinion covering fourteen pages of the record, gave consideration to the application for further relief by the plaintiffs-appellants, and in his opinion directed that further steps be taken for improvement of the progress of desegregation in the schools of the City of Memphis. His opinion, however, states:

"In this cause the Court finds that the defendant Board has acted in good faith as it interpreted its burden to desegregate the schools in its system."

His opinion further requires that steps be taken to fully comply with the requirements of desegregation as to both pupils and faculty. His opinion calls for the appointment by the School Board of an administrative officer designated Director of Desegregation, to direct and cooperate in the carrying out of a supplemental plan heretofore proposed by the Memphis Board of Education. His opinion further commands:

"Prior to January 1, 1970, the Board will file in this cause maps showing the revised zone boundary lines and will file enrollment figures by race of the pupils actually attending the schools as of the time of the report and enrollment figures by race of the pupils who live in the proposed revised zones. The Court will then consider the adequacy of the revised zone boundaries and will reconsider the adequacy of the transfer plan for future years in accordance with the holding of the Supreme Court that district courts should retain jurisdiction to insure that a constitutionally acceptable plan is operated 'so that the goal of a

desegregated, nonracially operated school system is rapidly and finally achieved.' "

It appears to this Court that the imminence of the presentation and consideration by the District Judge of the proposed plan to be submitted on or before January 1, 1970, suggests the impracticality of this Court attempting at this time to consider precipitously the various claims asserted by plaintiffs-appellants in their appeal, and motions. This Court has been familiar with the problems of desegregation in the schools of the City of Memphis since 1962, when it had before it the first judgment commanding desegregation, entered by the District Court on May 2, 1961. From review of this litigation and its underlying factual situation, it is satisfied that there is no need at this time for precipitous action. Therefore, no further order need be entered in this Court until the United States District Court has had submitted to it the ordered plan, and has had opportunity to consider and act upon it.

Now, therefore, it is hereby ordered that this cause be, and it is hereby remanded to the United States District Court for the Western District of Tennessee, Western Division, for further consideration of the plaintiffs-appellants' petition for further relief, and the plan, or any amendment thereto, to be presented to the District Court as required by its order of May 23, last.

On Motion for Injunction Pending Certiorari

ORDER

This cause is now before this Court upon appellants' Motion for Injunction Pending Certiorari. Such pleading evidences plaintiffs' purpose to apply to the United States Supreme Court for a writ of certiorari to review an order of this Court entered in this cause on December 19, last. This litigation relates to the sufficiency of desegregation of the public schools of Memphis, Tennessee. By our order of December 19, we remanded this

case to the United States District Court for the Western District of Tennessee. Such remand was for the purpose of providing District Judge Robert M. McRae, Jr., with opportunity to consider whether a plan, heretofore required by him to be filed on or before January 1, 1970, would conform to the commands of an order and opinion of said District Judge relating to further desegregation of the Memphis schools. Such order and opinion are the subject of the appeal disposed of by our remand.

The motion now before us asks the immediate issuance of an injunction which will require:

"1) The District Court to order the appellee City of Memphis Board of Education to prepare and file on or before January 5, 1970, in addition to the adjusted zone lines it is presently required to file, a plan for the operation of the City of Memphis public schools as a unitary system during the current 1969-70 school year.

"2) Appellants further move the Court that it issue its injunction requiring the District Court to hold hearings on any objections to the proposed plan no later than January 9, 1970; requiring it to issue its decision no later than January 14, 1970, with same to be filed with the Clerk of the Court of Appeals and providing for review by this Court upon motion of the parties made within ten days of entry of the order on such papers as are then available in the record of the District Court."

Appellants support their motion with citation of authorities which they assert require the action they ask us to take, viz: Alexander v. Holmes County Board of Education, 398 U.S. 19, 90 S.Ct. 29, 24 L.Ed.2d 19; Carter v. West Feliciana Parish School Board No. 944, 396 U.S. 226, 90 S.Ct. 467, 24 L.Ed.2d 382, December 13, 1969; Singleton v. Jackson Municipal Separate School District, 419 F.2d 1211 (5th Cir. 1969); Nesbit v. Statesville City Board of Education, 418 F.2d 1040 (4th Cir. 1969).

To the extent that the relevant factual context of the above cases is disclosed by the opinions available to us, we conclude that they are not analogous to the case before us. We are satisfied that the respondent Board of Education of Memphis is not now operating a "dual school system" and has, subject to complying with the present commands of the District Judge, converted its pre-Brown dual system into a unitary system "within which no person is to be effectively excluded from any school because of race or color." In Alexander v. Holmes Board of Education, *supra,* the Supreme Court exposed the question then before it as involving:

"the denial of fundamental rights to many thousands of school children, who are presently attending Mississippi schools under segregated conditions contrary to the applicable decisions of this Court."

■ This quotation is not descriptive of the present situation of Memphis. For the school year 1969-70, there are approximately 134,000 children enrolled in the schools of Memphis, of which approximately 60,000 are white and 74,000 are Negroes. Upon the oral argument of this appeal, we asked counsel for plaintiffs to advise what he considered would be the "unitary system" that should be forthwith accomplished in Memphis. He replied that such a system would require that in every public school in Memphis there would have to be 55% Negroes and 45% whites. Departures of 5% to 10% from such rule would be tolerated. The United States Supreme Court has not announced that such a formula is the only way to accomplish a "unitary system". We have expressed our own view that such a formula for racial composition of all of today's public schools is not required to meet the requirement of a unitary system. Deal v. Cincinnati Board of Education (Ohio schools), 369 F.2d 55 (6th Cir. 1966), cert. denied, 389 U.S. 847, 88 S.Ct. 39, 19 L.Ed.2d 114 (1967); Mapp v. Board of Education (Tennessee schools), 373 F.2d 75, 78 (6th Cir. 1967); Goss v. Knoxville Board of Education (Tenn. schools), 406 F.2d 1183 (6th Cir. 1969); Deal v. Cincinnati Board of Edu-

cation (Ohio schools), 419 F.2d 1337 (6th Cir. 1969).

The District Judge's opinion in this case evidences his awareness of today's requirements for school desegregation and his purpose to require strict obedience by the Memphis Board of Education to all of such requirements. We are advised that the plan which he required to be filed by January 1, 1970, is now before him. We are satisfied that he will consider it with appropriate dispatch, to the end that any deficiencies in the plan now in operation in Memphis will be corrected.

Our own familiarity with the progress of desegregation in the Memphis schools and our confidence in the District Judge to whom we have remanded this litigation suggest that it is not now needed that we issue the injunction asked.

The Motion for Injunction Pending Certiorari is denied.