LEDBETTER *v.* STATE OF INDIANA.

[No. 26,891. Filed January 11, 1938.]

*T. Ernest Maholm,* for appellant.

*Omer S. Jackson,* Attorney-General, and *James K. Northam,* Deputy Attorney-General, for the State.

HUGHES, J.—This is an appeal from a judgment denying the appellant a writ of error *coram nobis*.

The errors assigned by the appellant are as follows:

1. That the court erred in not appointing an attorney to advise and counsel with appellant, before accepting plea of guilty, he being without funds and a person of tender age.

2. That the court erred in rendering a judgment of conviction and sentencing appellant without hearing any evidence in the case, from the person supposed to have made the affidavit.

3. That the court erred in ordering an amended commitment to be issued by the Clerk to the Indiana Reformatory three years after date of judgment of conviction.

4. That the court erred in overruling and denying the appellant's prayer to set aside the judgment of conviction, and permission to withdraw his previous plea of guilty and to enter a plea of not guilty, and grant appellant a new trial.

5. That the court erred in overruling appellant's petition for *coram nobis*, on account of fraud practiced on the court by the Prosecuting Attorney in having filed a void affidavit in this cause, to wit: An affidavit that had been signed in blank accusing no one of any offense and never sworn to by the supposed to be prosecuting witness, but was filled in by the Prosecuting Attorney charging the appellant herein with the crime of assault and battery with intent to rob, and made to appear that the affiant had been sworn to same in open court.

6. That the decision of the court is contrary to law and not sustained by sufficient evidence.

It appears from the record that on October 21, 1933, an affidavit was filed against the appellant in the Henry Circuit Court charging him with assault and battery

with intent to rob. On October 27, 1933, the appellant was arraigned in open court, entered a plea of guilty and was sentenced to the Indiana Reformatory for a period of ten years. On the 14th day of January, 1937, the appellant filed a verified petition for a writ of error *coram nobis*.

The petition, in substance, alleges that the appellant is twenty-one years of age and ignorant and inexperienced in the ways and manner of court procedure; that he did not enter a plea of guilty understanding the same and it was made under inducement at a time when he was not represented by counsel; that he did not know that a legal affidavit had never been filed against him and that he did not know he had the right to be represented by counsel before entering his plea of guilty; that he did not know what punishment might be inflicted upon a plea of guilty and that he was induced to enter his plea of guilty on the promise that he would receive a small fine and a light sentence to the Indiana State Farm and that in fact he was not guilty of the charge filed against him. He further alleges that on the 27th day of June, 1936, the court attempted to correct the judgment rendered on October 27, 1933, by ordering the clerk of the Henry Circuit Court to issue an amended commitment to the Indiana State Reformatory committing the appellant for a term of not less than ten years nor more than twenty-five years and that said change of commitment was illegal and void. The petitioner asked that the judgment of conviction be set aside and vacated and that he be permitted to enter a plea of not guilty.

There is no evidence in the record to show that the appellant at any time after his arrest, up to and including the time he entered a plea of guilty, ever asked for an attorney to consult with concerning the charges filed against him. The evidence

does, however, clearly show that the appellant had been informed by the prosecuting attorney as to the penalty upon a plea of guilty to the charge and it further shows that prior to his plea of guilty the court told the defendant that he had the right to be represented by counsel, and that if he did not have funds to hire one, the court would appoint one for him and that he had the right to a trial if he wanted to plead not guilty. In the face of the admonition given by the prosecuting attorney and the court the appellant voluntarily pleaded guilty to the charge. There is absolutely no evidence to show that he was coerced or induced to plead guilty by the promise of a light sentence to the Indiana State Farm. We are well aware of the constitutional provision contained in Article 1, Section 13, of the Indiana Constitution, but under the facts as presented in the record this provision was not violated for the reason that it appears that appellant's plea of guilty was made advisedly with full knowledge of his rights and of the consequences of such a plea.

It is contended by appellant that a fraud was practiced upon the court by the prosecuting attorney having filed a void affidavit. There is no evidence to support this contention. It is true that the prosecuting witness first signed a blank affidavit, but the evidence shows that later another valid affidavit was made and signed by the prosecuting witness and filed in court and it was to these charges contained in this affidavit that the appellant entered his plea of guilty.

We are not called upon to decide whether the court had power to order the clerk of the court to make a new commitment changing the term of imprisonment from ten years to imprisonment for a term of not less than ten nor more than twenty-five. This is a question of law and not of fact. The writ of error *coram nobis* only extends to a question of facts and not

to a question of law. It is based upon error of fact, as distinguished from the writ of error which is based upon error of law. *George* v. *State* (1937), 211 Ind. 429, 6 N. E. (2d) 336; *Berry* v. *State* (1930), 202 Ind. 294, 165 N. E. 61, 173 N. E. 705; 16 C. J. §3118, p. 1326.

There being no available error shown, the judgment is affirmed.

Judgment affirmed.