PELFREE *v.* STATE OF INDIANA.

[No. 29,570. Filed October 23, 1957.]

*T. Ernest Maholm*, of Indianapolis, for appellant.

*Edwin K. Steers*, Attorney General, *Owen S. Boling* and *Merl M. Wall*, Deputy Attorneys General, for appellee.

ACHOR, J.—Appellant was charged with rape on a female child under 12 years of age, August 26, 1946. Appellant filed a special plea of insanity and, on December 6, 1946, the court found him insane and sentenced him to the Indiana colony for the criminal insane at Michigan City pursuant to §9-1706, Burns' 1942 Repl. (Acts 1913, ch. 298, §6, p. 774), now §9-1706a, Burns' 1956 Repl. (Acts 1951, ch. 238, §2, p. 682). On May 10, 1955, after receiving a letter from the Superintendent of the Norman M. Beatty Hospital that appellant was sane, the Judge of the Marion Criminal Court,

Room 1, entered an order directing the return of appellant to stand trial on the rape charge pending against him. On September 12, 1955, the Superintendent of the Norman Beatty Hospital sent a letter to the Clerk of the Criminal Court, stating that appellant had been given an absolute discharge from the hospital. On October 4, 1955 the court appointed two physicians to examine appellant. These physicians made a report in writing to the court. Thereafter trial was had. During the trial these physicians also testified as to the sanity of the appellant. The jury found appellant guilty of rape as charged and he was sentenced to imprisonment in the Indiana State Prison for life on February 7, 1956. There was no appeal from this judgment.

On January 21, 1957 appellant filed his verified petition for writ of error *coram nobis* in the Criminal Court of Marion County. The State of Indiana, through the prosecuting attorney, filed a demurrer to this petition, which demurrer was sustained. Appellant refused to plead over and the court entered judgment against petitioner. This appeal is from that judgment.

Appellant's petition for writ of error *coram nobis,* which consists of 16 paragraphs, leaves much to be desired. However, paragraph 15, which is described as the "nub" or "gist" of appellant's action, asserts that appellant having been adjudged insane in 1946 could not be again put on trial without there first being a hearing on the subject of his sanity and a formal adjudication that his sanity had been restored. There was no such adjudication.

While it is true that the memorandum to the demurrer related itself solely to the merits of the issues asserted in appellant's petition, the trial court, in sustaining the demurrer, was not limited to the grounds set forth in the memorandum to the

demurrer. If the petition was bad for any reason, the court did not err in sustaining a demurrer addressed to it.

Here the error, if it is an error, which appellant asserts as his cause of action is an error of law which appears on the face of the record. Upon this issue the general rule is well settled that a writ of error *coram nobis* is limited to the correction of errors of fact not appearing of record and will not lie on the basis of error of law where proper remedy is afforded by appeal. *Ledbetter* v. *State* (1938), 213 Ind. 152, 12 N. E. 2d 120; *Quinn* v. *State* (1935), 209 Ind. 316, 198 N. E. 70; *Stephenson* v. *State* (1932), 205 Ind. 141, 186 N. E. 293; *Berry* v. *State* (1929), 202 Ind. 294, 165 N. E. 61, 173 N. E. 705.

We conclude, therefore, that appellant's petition did not state facts sufficient to constitute a cause of action and that the state's demurrer thereto was properly sustained.

Judgment affirmed.

Arterburn, C. J., Bobbitt, Emmert and Landis, JJ., concur.

NOTE.—Reported in 145 N. E. 2d 295.