BARKER v. STATE OF INDIANA.

[No. 30,312. Filed June 12, 1963. Rehearing denied September 17, 1963.]

268

William H. Sparrenberger and LaFuze, Graber, Sparrenberger, Duvall & Sullivan, of Indianapolis, for appellant.

Edwin K. Steers, Attorney General, David S. Wedding and Frederick J. Graf, Deputy Attorneys General, for appellee.

ARTERBURN, J.—This is an appeal from a denial of a petition for a writ of error coram nobis. This is the second time that an appeal from this conviction has been before this court. (See: Barker v. State (1958), 238 Ind. 271, 150 N. E. 2d 680)

The appellant was charged by indictment with the offense of murder in the first degree and, after jury trial, was convicted on the 1st day of December, 1956, and sentenced to life imprisonment. After an appeal, the judgment of conviction was affirmed. It was not until nearly five years later, September 19, 1961, that the defendant filed in the trial court his petition for a writ of error coram nobis, this appeal being taken from a denial of said petition.

Briefly, appellant claims that he employed as his attorney one Samuel Blum who incompetently represented him as counsel during the first trial. It is contended that the atttorney failed to call a material witness.

In support of this allegation, as well as others closely allied thereto, the appellant-Barker filed in the coram nobis proceeding an affidavit of one Donald Wincel, the main contention being that Donald Wincel, although a material witness, was not used as a witness by appellant's counsel (Samuel Blum) during the trial. This affidavit is dated December 29, 1956. It therefore plainly appears that this affidavit was pre-

pared less than a month after the first criminal trial. The jurat on the affidavit shows that it was sworn to before William H. Sparrenberger, who was counsel in the first appeal in 1958 and who is also the present counsel for the appellant-Barker in this second appeal from the decision in the coram nobis proceeding.

An examination of the record on appeal in the first case (*Barker* v. *State* (1958), 238 Ind. 271, 150 N. E. 2d 680) reveals that a petition to file a supplemental motion for a new trial was presented to the trial court on December 31, 1956, in which it is stated by William H. Sparrenberger that he represents the defendant in filing a motion for a new trial in the original criminal trial in which the verdict was returned on the 1st day of December, 1956, and that the motion for a new trial must be filed on or before December 31, 1956. He asked for an extension of time within which to file the supplemental motion for a new trial. The petition was granted and, within the time allowed, the supplemental motion for a new trial was filed by Mr. Sparrenberger. In that rather lengthy motion it is stated:

> "The State of Indiana wilfully and wrongfully refused to allow the testimony of an eye witness to the crime to be given to the jury during said trial and that such testimony was competent and material, as is indicated by an affidavit of said witness that is attached hereto and made a part hereof and marked Exhibit A."

Exhibit A is the same affidavit which is now presented to this court in the petition for a writ of error coram nobis, nearly five years later. The supplemental motion for a new trial also alleged as a ground for a new trial:

"newly discovered evidence material to this defendant which he could not with reasonable diligence have discovered and produced at the trial, the particulars whereof fully appear in the affidavit of one Donald Wincel which is attached hereto and made a part hereof and marked Exhibit A."

This is the same affidavit previously referred to.

There are a number of reasons why the appellant cannot prevail in this second and subsequent appeal. First, it is a well settled principle of law in this jurisdiction that all issues properly before a court which could have been determined or were determined are considered finally adjudicated and all parties thereto are bound thereby. The principle of res judicata does not permit the repeated litigation of matters settled by a final judgment. *Etheridge* v. *State* (1960), 240 Ind. 384, 164 N. E. 2d 642; 50 C. J. S., Judgments, §682, p. 128; 17 I. L. E., Judgments, §380, p. 416; *Pelfree* v. *State* (1957), 237 Ind. 302, 145 N. E. 2d 295.

It is also the law of this state that only one petition for a writ of error coram nobis may be presented to a court. (See: Burns' §9-3302 and *Etheridge* v. *State, supra.*)

In this state we have always considered a petition for a writ of error coram nobis in the nature of a motion for a new trial. It grows out of and is a continuation of the original criminal action. We have said:

"We have repeatedly held that a *coram nobis* proceeding is in the nature of a motion for a new trial and that it is also in the nature of a civil action. It is in the nature of the former because its object is to secure the setting aside of a judgment and a retrial of the matter

upon which judgment had been rendered. It is in the nature of the latter because it presents a new and different cause for trial wherein the burden of proof is on him who requests relief from the judgment. It is not a trial of the original cause, but merely a determination of whether or not some fact or facts were in existence but unknown to the moving party and to the court which, if known, would have caused the court to rule differently." *State ex rel. McManamon* v. *Blackford C. Ct.* (1950), 229 Ind. 3, 11, 95 N. E. 2d 556, 559.

Viewing the procedure that took place here in the original criminal action—where the supplemental (belated) motion for a new trial was filed some time after the expiration of the time within which a motion for a new trial could have been filed—we can only consider it, in reality, as a coram nobis proceeding. It has no standing otherwise, since a court has no authority to grant an extension of time for filing a motion for a new trial based only on alleged errors shown within the record. Burns' §9-1903; *Blanton* v. *State* (1955), 234 Ind. 142, 124 N. E. 2d 382; *Kallas* v. *State* (1949), 227 Ind. 103, 83 N. E. 2d 769, cert. den. 336 U. S. 940, 69 S. Ct. 744, 93 L. Ed. 1098.

However, if such a motion contains specifications of alleged error occurring outside the record, together with a showing that such alleged errors and facts in support thereof did not come to the knowledge of the defendant until after the time had expired within which a motion for a new trial could be filed, then the trial court, upon presentation of convincing evidence, may permit the filing of a belated motion for a new trial, which is in the nature of a coram nobis proceeding. Examining the supplemental motion filed in the first case, we find there are

allegations therein concerning facts alleged to have occurred outside the record, which apparently did not come to the knowledge of the appellant-Barker or his attorney until after the expiration of the time within which a motion for a new trial could be filed. The court gave this supplemental motion its due consideration and denied the same. There was an adjudication upon all the issues presented or which could have been presented under the motion, from the denial of which an appeal was taken. Coram nobis proceedings cannot be used to readjudicate issues which have been or could have been previously submitted to the trial court for adjudication. *Spires* v. *State,* No. 30183, 244 Ind. 82, 189 N. E. 2d 423.

This court has said:

"All litigation must come to an end at some time. Where a trial has been had, as in this case, and a motion for a new trial filed which has been overruled and no appeal taken from the judgment, all matters of record which were adjudicated or could have been adjudicated within the issues (including a defense of insanity which might have been raised) are finally determined and all parties bound thereby. Principles of res judicata do not permit the repeated litigation of matters settled by a final judgment. 50 C. J. S. Judgments, §682, p. 128; 17 I. L. E. Judgments, §380, p. 416, 9 Ind. L. J., 187; *Pelfree* v. *State* (1957), 237 Ind. 302, 145 N. E. 2d 295." *Etheridge* v. *State* (1960), 240 Ind. 384, 164 N. E. 2d 642.

It appears that present counsel as well as the appellant-Barker had knowledge of the facts at the time of the filing of the supplemental motion for a new trial in the first case, which facts they now seek to use in a second proceeding, filed almost five years later, to secure a new trial. In short, the present claim of in-

competency of counsel is based substantially upon the same facts and affidavit of Wincel.

Even if the contention be made that the present allegations in the petition for a writ of error coram nobis are substantially different from the facts stated in the supplemental motion, and therefore, that this is an independent ground for filing a petition for a writ of error coram nobis, then we point out that the present petition states no reason or excuse for the long delay in bringing the action. Where an unusual delay exists in filing a petition for a writ of error coram nobis (or a belated motion for a new trial based on such cause) a valid and reasonable excuse for such delay must be specifically alleged, stating therein when the cause was first discovered, how it was discovered, the facts showing the cause, and why such cause could not have been discovered before by the exercise of due diligence.

In *State ex rel. Casey* v. *Murray* (1952), 231 Ind. 74, 77, 106 N. E. 2d 911, 912, we said on this subject:

"There must be cause shown to excuse the delay, and there must be a prima facie showing made of merit to the appeal. If a different rule prevailed every prisoner could prosecute a delayed appeal without cause or merit."

In the case before us no such allegations are made or substantiated. Hence, if we consider this the first and original petition for a writ of error coram nobis, it is defective for the reasons stated. A presumption of laches arises, under the circumstances, because of the length of time. *Anderson* v. *State* (1950), 228 Ind. 491, 93 N. E. 2d 201; *Joseph* v. *State* (1951), 229 Ind. 496, 99 N. E. 2d 244; *Barrett* v. *State* (1952), 230 Ind. 533, 105 N. E. 2d 508;

*State ex rel. Casey* v. *Murray* (1952), 231 Ind. 74, 106 N. E. 2d 911.

The policy behind such a principle of law is sound. No party litigant has the right to sleep on his rights for a long period of time, with the hope or expectation that evidence in opposition to such party will thereby be lost, forgotten, or made impossible to obtain.

For the reasons stated, the judgment of the trial court is affirmed.

Myers, C. J., and Landis and Achor, JJ., concur; Jackson, J., concurs in result.

NOTE.—Reported in 191 N. E. 2d 9.