BURTON *v.* STATE OF INDIANA.

[No. 30,475. Filed November 17, 1964. Rehearing denied February 11, 1965.]

*Robert S. Baker,* Public Defender, and *Sid M. Cleveland,* Deputy Public Defender, of Indianapolis, for appellant.

*Edwin K. Steers,* Attorney General, *David S. Wedding,* Deputy Attorney General, for appellee.

LANDIS, J.—Appellant has taken this appeal from the lower court's judgment denying his petition for writ of error coram nobis wherein appellant sought to set aside his conviction for grand larceny entered some five years previously.

Appellant's principal contention is that he was heretofore represented by counsel and was allowed by such counsel to enter a plea of guilty to larceny when the undisputed facts showed he could not have been guilty of larceny but could only have been guilty of conspiracy to commit a felony, embezzlement or forgery, and that his counsel was incompetent in allowing him to enter a plea to a charge that he could not be guilty of.

Appellant's case on appeal must fail for two reasons.

It is uncontradicted from the record that although appellant was committed to the Indiana Reformatory

on his conviction for grand larceny on April 23, 1957, he did not until April 30, 1962, which was five years later as heretofore stated, file his petition for coram nobis in the lower court. If a long or unusual delay occurs before the filing of a petition for writ of error coram nobis (now under our present rules a belated motion for new trial) the petitioner should set forth a valid and reasonable excuse for such delay stating in substance when and how the cause was first discovered, the facts constituting the cause, and why the cause could not have been discovered previously by the exercise of due diligence. *Barker* v. *State* (1963), 244 Ind. 267, 274, 191 N. E. 2d 9, 13; *State ex rel. Casey* v. *Murray* (1952), 231 Ind. 74, 77, 106 N. E. 2d 911, 912; See also: Rule 2-40 of this Court.

As is pointed out in the briefs, appellant in this case, wittingly or unwittingly, waited until after the five year statute of limitations had run before he pointed out in his coram nobis petition that he should have been charged with conspiracy to commit a felony, embezzlement or forgery rather than larceny. He has offered no reason for the delayed filing of his petition for the writ and we must therefore consider that his extreme tardiness in raising the question for a period of five years after his conviction and confinement warranted the lower court's ruling denying the writ.

It further appears that the evidence upon the coram nobis hearing was conflicting upon the issue attempted to be raised by appellant as to the alleged incompetence of his original counsel, and as this Court may not weigh such evidence on appeal, appellant's argument that the evidence established incompetence of counsel is here untenable.

Judgment affirmed.

Achor, C. J., and Arterburn, Jackson and Myers, JJ., concur.

## ON REHEARING

LANDIS, J.—Appellant has filed petition for rehearing contending this Court's opinion erred in following its recent decision in *Barker* v. *State* (1963), 244 Ind. 267, 191 N. E. 2d 9, and in holding that if a long or unusual delay occurs before the filing of a coram nobis petition, the petitioner should give a valid and reasonable excuse for the delay stating when and how the cause was first discovered, the facts constituting the cause, and why the cause could not have been discovered previously by the exercise of due diligence.

In our earlier opinion in this case we further pointed out that appellant, wittingly or unwittingly, waited until the five year statute of limitations had run before he filed his coram nobis petition setting up that he should have been charged with other offenses than grand larceny, the offense with which he stands convicted. Appellant has failed to refute in any manner these facts which as we stated in our earlier opinion, warranted the lower court's ruling denying the writ. Appellant has asked us to overrule *Barker* v. *State*, *supra*, but as that was a well considered case and was in our judgment based upon correct legal principles, we cannot do so.

Appellant has also asked that we appoint an additional attorney to represent him on his petition for rehearing although the public defender has represented him on this appeal. However, it is not the law that one entitled to be furnished counsel at the expense of the state may nilly-willy compel the courts to discharge competent and conscientious counsel duly appointed to provide him with legal services, or that he has the right to designate the attorney

who shall be so employed to represent him. See: *In re Lee*, 1964, 246 Ind. 7, 201 N. E. 2d 696; *Wilder* v. *State* (1963) Fla. 156 So. 2d 395.

Appellant's petition for rehearing is denied and his motion for additional counsel and for extension of time to file additional petition for rehearing is overruled.

Arterburn, C. J., and Jackson, Myers, and Achor, JJ., concur.

NOTE.—Reported in 202 N. E. 2d 165. Rehearing denied in 204 N. E. 2d 218.