JOHN E. MIDDELKAMP AND LARAIN MIDDELKAMP, HUSBAND AND WIFE *v.* ALEX HANEWICH AND RUTH HANEWICH, HUSBAND AND WIFE.

[No. 3-474A54. Filed July 20, 1977. Rehearing denied September 1, 1977. Transfer denied December 21, 1977.]

572

*Dale W. Schwanke,* of Merrillville, *Kenneth D. Reed,* of Hammond, for appellants.

*William J. Moriarty, Jr., Dumas & Moriarty,* of Rensselaer, for appellees.

STATON, P.J.—In 1966, John and Larain Middelkamp transferred title to a parcel of land in Jasper County, Indiana, to Alex and Ruth Hanewich. The Middelkamps remained in possession of a residence, swimming pool, and other outbuildings located on the premises, and the Hanewiches took possession of the tillable land. Later, the Hanewiches transferred title to the real estate to the State Exchange Finance Company, and began to purchase the land back from the Finance Company on contract.

In 1969, after the Hanewiches demanded that the Middelkamps begin paying rent for the use of the residence, the Middelkamps sued the Hanewiches for rescission of the 1966 warranty deed on the ground of fraud. The Finance Company was joined because it held legal title to the property. Middelkamps asserted an oral agreement by the Hanewiches to reconvey the real estate to Middelkamps within five years of the 1966 transfer upon payment of $60,000.00 by Middelkamps. Later, in 1969, the Hanewiches and the Finance Company sued the Middelkamps for possession of the residence, swimming pool, and other outbuildings. The Middelkamps lost in both of these prior actions.

In 1973, the Middelkamps instituted the present action against Alex and Ruth Hanewich. Summary judgment was granted against the Middelkamps and in favor of Hanewiches. In their brief on appeal, the Middelkamps enumerated at least nine issues for our consideration. We will consolidate these issues, for purposes of discussion, into the following general issues:

(1) Was there error in the procedures followed by the trial court in granting a summary judgment?

(2) Did the trial court err in granting summary judgment in favor of Hanewiches?

We conclude that there was no reversible error, either in the procedures followed or in the trial court's decision to grant summary judgment. The evidence presented at the summary judgment hearing conclusively shows that Middelkamps' claims were barred by the defense of res judicata.

We affirm.

## I.

### Procedure

The Hanewiches, in their answer to Middelkamps' complaint in the present action, raised several defenses: (1) the Trial Rule 12 (B) (6) defense of failure to state a claim upon which relief can be granted; (2) the Trial Rule 12 (B) (7) defense of failure to join a party needed for just adjudication; and (3) the affirmative defenses of statute of limitations, statute of frauds, and res judicata. On June 27, 1973, the Hanewiches requested a hearing on these defenses, and the clerk was ordered to notify the parties that a hearing date was set for July 9, 1973. At the hearing, matters outside the pleadings were presented to the trial court. On the basis of this outside evidence, the trial court granted summary judgment in favor of the Hanewiches.

Middelkamps contend that the trial court erred because, at the hearing, the trial court treated Hanewiches' answer as a motion to dismiss and then treated the motion to dismiss

as a motion for summary judgment. Middelkamps contend that they had no notice that the hearing might result in a summary judgment against them. They contend that they had no reasonable opportunity to present materials made pertinent to a summary judgment motion. They contend that the evidence presented at the hearing was not appropriate for the court's consideration. They contend that the trial court erred because it failed to designate the issues or claims upon which it found no genuine issue of material fact.

## A.

### Treatment of Motions

The trial court did not err in treating Hanewiches' answer as a motion to dismiss and then treating the motion to dismiss as a motion for summary judgment. The defense of failure to state a claim on which relief may be granted is properly raised either in a responsive pleading or by motion. Indiana Rule of Procedure, Trial Rule 12(B). This defense, as well as the defense of failure to join a party needed for just adjudication, *must*, upon the application of a party or by order of the court, be determined before trial "unless substantial justice requires the court to defer hearing until trial." TR. 12(D). In the present case, there is no suggestion that substantial justice required postponement of the determination of the 12(B)(6) and 12(B)(7) defenses. Thus, at Hanewiches' request, the trial court was required to hold a hearing to determine these defenses.

TR. 12(B) provides, in part:

"If, on a motion, asserting the defense number (6), to dismiss for failure of the pleading to state a claim upon which reilef can be granted, matters outside the pleading are presented to and not excluded by the court, the motion *shall* be treated as one for summary judgment and disposed of as provided in Rule 56. In such case, all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." (Our emphasis.)

Although the above-quoted paragraph refers only to Trial Rule 12(B)(6) *motions,* we think that the drafters of the rule intended no distinction between 12(B)(6) defenses asserted by motion and 12(B)(6) defenses asserted in a responsive pleading. For the purposes of the above-quoted rule, when a party asserts the 12(B)(6) defense of failure to state a claim for relief in a responsive pleading, that party has made a motion to dismiss which "shall be treated as [a motion] for summary judgment" if "matters outside the pleading are presented to and not excluded by the court" at the pre-trial hearing. *Accord, see Alabama State Fed'n of Labor* v. *Kurn* (D. Ala. 1942), 46 F.Supp. 385. Thus, the trial court did not err when it treated the defense of failure to state a claim, asserted in Hanewiches' responsive pleading, as a motion to dismiss. Then, when matters outside the pleadings were introduced and not excluded by the trial court, the trial court was required to treat the motion to dismiss as one for summary judgment.

## B.

### Notice

Middlekamps contend that they were without notice that the hearing might result in a summary judgment against them. However, the record establishes that Middelkamps were notified in advance of the hearing on "Defendants['] first defense [the 12(B)(6) defense of failure to state a claim], second defense [the 12(B)(7) defense of failure to join a party needed for just adjudication], third defense [statute of limitations], fourth defense [statute of frauds], and fifth defense [res judicata] to paragraphs 1, 2, 3 and 4 of Plaintiffs complaint. . . ." Middelkamps apparently were confused by the trial court's reference to the affirmative defenses of statute of limitations, statute of frauds, and res judicata as being proper subject matter in a hearing, pursuant to Trial Rule 12(D), to determine the Trial Rule 12 defenses.

Pursuant to developing case law, such matters in bar as the defenses of statute of limitations, *Brown* v. *Gardner* (1974), 159 Ind. App. 586, 308 N.E.2d 424; *American States Ins. Co.* v. *Williams* (1972), 151 Ind. App. 99, 278 N.E.2d 295, statute of frauds, see *Gladis* v. *Melloh* (1971), 149 Ind. App. 466, 273 N.E.2d 767, and res judicata, see *Suckow Borax Mines Consolidated* v. *Borax Mines Consolidated* (9th Cir. 1950), 185 F.2d 196; *348 Bloomfield Ave. Corp.* v. *Montclair Mfg. Co.* (D.N.J. 1950), 90 F.Supp. 1020, may be raised by a motion to dismiss for failure to state a claim for relief, if such matters appear on the face of the complaint. This is a logical interpretation of the Trial Rule 12 dismissal rules, which, in essence, provide that a "complaint should . . . be dismissed for failure to state a claim . . . [when] it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley* v. *Gibson* (1957), 355 U.S. 41, 45, 78 S.Ct. 99, 102, 2 L.Ed.2d 80. If a defense in bar of plaintiff's claim appears on the face of the complaint, then it is clear beyond doubt that plaintiff can "prove no set of facts . . . which would entitle him to relief." Thus, the affirmative defenses of statute of limitations, statute of frauds, and res judicata are appropriate for a court's consideration at a hearing to determine whether the complaint states a claim for relief. Middelkamps were notified that the court would hear argument on these defenses at the July 9 hearing.

At the hearing, Middelkamps did not object to the presentation of matters outside the pleadings, and, in fact, Middelkamps themselves presented to the court matters outside the pleadings. The rules of procedure clearly provide that when matters outside the pleadings are "presented to and not excluded by the court," the motion to dismiss *must* be treated as a motion for summary judgment. Middelkamps' contention that they were without notice that the hearing on the Trial Rule 12 defenses might result in summary judgment against them is without merit.

## C.

## Opportunity to Present Material

Middelkamps contend that they did not have·a reasonable opportunity to present material made pertinent to a motion for summary judgment.[1] We do not agree. At the hearing, Hanewiches presented to the trial court evidence of pleadings and judgments rendered in the two previous court cases between the parties. Mr. Schwanke, Middelkamps' counsel, stated that he had seen all the offered documents and that he had no objection to their admission. Mr. Schwanke then responded to Hanewiches' argument and offered various pleadings and orders to the trial court. At the close of Mr. Schwanke's argument, the court asked:

"THE COURT: Before we proceed, Mr. Schwanke, do you have any other material pertinent to this complaint to be introduced into evidence?

"MR. SCHWANKE: No, no other evidence.

"THE COURT: You've introduced all of your evidence. " (No oral response.) "

Hanewiches then presented rebuttal argument, and both sides rested.

From Mr. Schwanke's statements at the hearing, it is clear that he had a reasonable opportunity to present, and that he did present, all material made pertinent to a motion for summary judgment. Although he states on appeal that he was "surprised" by the "barrage" of exhibits "fired" into

1. Before the hearing, Middelkamps' counsel, Mr. Schwanke, asked for a continuance because his co-counsel could not be present. Hanewiches pointed out to the court that the parties had been in litigation for many years and that Mr. Schwanke had been involved in· all the cases from the beginning. The court denied the motion for a continuance. Mr. Schwanke did not renew his motion for a continuance, nor did he state any grounds other than the absence of his co-counsel. He at no time asked for more time to prepare or compile other material pertinent to the matters before the court at·the hearing. He does not raise the court's denial of the motion for continuance as a ground for appeal, but he does refer to it as indicating that he did not have a reasonable opportunity to present all material. Given Mr. Schwanke's statements at the hearing, above, it appears that he did not need a continuance to present all pertinent material.

evidence, he stated at the hearing that he had seen Hanewiches' exhibits and that he had no objection to their admission. *See Foster* v. *Littell* (1973), 155 Ind. App. 627, 293 N.E.2d 790. Mr. Schwanke did not object, nor did he suggest to the court that he had other evidence pertinent to a summary judgment motion. We must conclude that Middelkamps were given a reasonable opportunity to present, and that they did present, all material made pertinent to a motion for summary judgment.

## D.

### Evidence

Middelkamps suggest that there was no evidence outside the pleadings upon which a motion for summary judgment could have been considered or granted. In essence, Middelkamps are attacking the admissibility of the documents presented to and not excluded by the trial court.[2] Middelkamps' contention is based upon a strict reading of Trial Rule 56 (C) and (E):

"(C) . . . The judgment sought shall be rendered forthwith if the *pleadings, depositions, answer to interrogatories,* and *admissions* on file, together with the *affidavits* and *testimony,* if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. . . .

\* \* \* \* \*

"(E) . . . Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit *affidavits* to be

2. Although we note that there was no objection made by Middelkamps when the evidence was offered, and, in fact, Middelkamps introduced the same type of evidence at the hearing, we prefer not to decide this question on the grounds of waiver. When a motion for summary judgment is sustained, the nonprevailing party is prevented from having his day in court, and, therefore, we must carefully scrutinize trial court determinations on such motions. *See In re Estate of Ensminger* (1969), 144 Ind. App. 338, 246 N.E.2d 217.

supplemented or opposed by *depositions, answers to interrogatories, further affidavits,* or, within the discretion of the judge, *testimony* of witnesses. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. . . ." (Our emphasis).

Middelkamps contend that, since there were no depositions, answers to interrogatories, admissions, affidavits, or testimony presented to the trial court, the sole matter before the court was the complaint and the answer. They argue that since one paragraph of the answer contained a general denial of the allegations of the complaint, the answer created genuine issues of fact which could not properly be resolved by summary judgment.

Both, the Hanewiches and the Middelkamps, presented to the trial court certified and duly authenticated copies of pleadings, motions, orders, the judgment, and the decision on appeal in a prior action between the parties in the Pulaski Circuit Court. These documents are competent evidence to establish the former judgment. *Blizzard* v. *Bross* (1877), 56 Ind. 74. Thus, the documents presented to the trial court were, in form and character, capable of being admitted as substantive evidence in a trial of the case. We conclude, therefore, that the evidence was properly considered by the trial court in determining whether to grant summary judgment. We conclude that Trial Rule 56(C) and (E) does not restrict the trial court to a consideration of only affidavits, interrogatories, admissions, and depositions, as listed in the Rule. *See Yong Hong Keung* v. *Dulles* (D. Mass. 1954), 127 F.Supp. 252; *Monks* v. *Hurley* (D. Mass. 1942), 45 F.Supp. 724. The court may also consider evidence that would be admissible in a trial of the cause, such as duly authenticated official records.

## . E.

### Designation of Issues

In its written order granting summary judgment in favor of Hanewiches, the trial court stated generally:

> "3. All defendants['] motions to dismiss under TR. 12 (B) (6) (defenses one, three, four and five to all plaintiffs['] pleading paragraphs) now treated as motions for summary judgment should be granted for the reason that there exists no genuine issue as to any material fact relating to maintenance of such claims and the defendants are entitled to judgment as a matter of law in regard to all pleading paragraphs of plaintiffs['] complaint."

Middelkamps contend that the trial court committed reversible error in failing to "designate the issues or claims upon which it finds no genuine issue as to any material facts." Trial Rule 56(C); *Singh* v. *Interstate Finance of Indiana* (1969), 144 Ind. App. 444, 246 N.E.2d 776. The trial court did, however, specify that it found "no genuine issue as to any material fact relating to maintenance of such claims. . . ." Clearly, the raised and argued defenses of statute of limitations, statute of frauds, and res judicata relate to maintenance of plaintiffs' claims. Middelkamps have not shown that they were prejudiced by lack of further specificity.[3] They presented arguments at the hearing and in their brief on appeal in relation to each of these three defenses. From the record before us, it affirmatively appears that Middelkamps were barred from main-

---

3. Middelkamps argue that they were prejudiced by the trial court's "non-finding" regarding the TR. 12(B)(7) defense of failure to join a party needed for just adjudication, *i.e.*, State Exchange Finance Company. The so-called "non-finding" was stated as follows:

"4. Defendants['] motion to dismiss under TR. 12(B) (7) (defendants['] second defense to all plaintiffs['] pleading paragraphs) may be granted but need not be because of the finding with regard to summary judgment."

The trial court thus made it clear that its decision to grant summary judgment was not based upon the absence of a necessary party. When summary judgment was granted against Middelkamps on other grounds, the trial court was not obligated to permit them to join an indispensable party whose presence would not have affected the trial court's decision on the summary judgment issue. We do not see how Middelkamps were prejudiced by the trial court's clarifying statement.

taining their claims by reason of the defense of res judicata. On this ground alone, the trial court could have granted, and we would affirm, the summary judgment in favor of Hanewiches. We might remand with instructions to the trial court to enter of record its specific reasons for granting summary judgment, but, in our opinion, this would only prolong the proceeding. *See Ware* v. *Waterman* (1969), 146 Ind. App. 237, 253 N.E.2d 708; *Lows* v. *Warfield* (1971), 149 Ind. App. 569, 274 N.E.2d 553.

## II.

### Summary Judgment

Summary judgment must be granted if 'there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Trial Rule 56 (C). The moving party has the burden of proving the non-existence of a factual issue, but when the materials filed by the moving party establish the lack of a genuine issue of material fact, it is incumbent on the opposing party to comply with Trial Rule 56 (E) and to show a genuine issue. *Letson* v. *Lowmaster* (1976), 168 Ind. App. 159, 341 N.E.2d 785. Summary judgment may be granted in favor of a defendant when there is no genuine issue as to the existence of an affirmative defense. *See Lukacs* v. *Kleussner* (1972), 154 Ind. App. 452, 290 N.E.2d 125; *Suckow Borax Mines Consolidated* v. *Borax Consolidated* (9th Cir. 1950), 185 F.2d 196; *Wojcinski* v. *Foley* (N.D.N.Y. 1963), 226 F.Supp. 157; *Miller* v. *Hoffman* (D.N.J. 1940), 1 F.R.D. 290.

In the present case, we conclude that the trial court properly granted summary judgment in favor of the Hanewiches. The materials presented to the trial court affirmatively show that there was no genuine issue of material fact and that Hanewiches were entitled to judgment as a matter of law on the ground that Middelkamps' claims were all conclusively barred by the doctrine of res judicata.

## A.

### The Facts

In 1966, Middelkamps executed a warranty deed in favor of Hanewiches and thereby transferred to Hanewiches the legal title to a parcel of real estate in Jasper County, Indiana.[4] Middelkamps remained in possession of a portion of the real estate upon which was located a residence, swimming pool, and other outbuildings. Hanewiches obtained a $55,000.00 mortgage loan from State Exchange Finance Company and used the proceeds of this loan to satisfy prior debts of and judgments against the Middelkamps. Soon after Hanewiches received title to the property, they transferred title by warranty deed to the State Exchange Finance Company and began to purchase the land back on contract.

## B.

### The Prior Actions

Prior to the instant suit, there were two other actions, fully litigated, between the parties. On February 20, 1969, soon after Hanewiches demanded that Middelkamps begin paying rent for their use of the residence, swimming pool, and other outbuildings, Middelkamps filed suit against Hanewiches for rescission of the warranty deed. Middelkamps alleged fraud on the part of Hanewiches inducing the transfer of title. The basis of the action was Hanewiches' misrepresentation of their intent to perform pursuant to a financing agreement, never reduced to writing, whereby Middelkamps were entitled to redeem the property within five years of the transfer of title upon repayment of Hanewiches of the $55,000.00 mortgage loan plus $5,000.00 as consideration for Hanewiches' accommodation in securing the financing arrangements. Judgment was rendered by the Pulaski Circuit

---

4. The facts here stated are gleaned from our examination of the pleadings and decisions on appeal in two prior cases between the parties and the pleadings in the instant case.

Court in favor of defendants-Hanewiches at the close of plaintiffs-Middelkamps' presentation of evidence. The decision of the trial court was affirmed on appeal. *Middelkamp* v. *Hanewich* (1970), 147 Ind. App. 561, 263 N.E.2d 189.

On September 16, 1969, State Exchange Finance Company and the Hanewiches brought an action in the Jasper Circuit Court against Middelkamps for possession of the residence, swimming pool, and other outbuildings. On June 4, 1971, Middelkamps filed an additional paragraph by way of affirmative answer and a cross complaint against the plaintiffs, in which they asserted Hanewiches' oral agreement to reconvey and their equitable interest in all of the real estate pursuant to this agreement. They requested specific performance of the agreement, an accounting, a deed to the property, and "all other proper relief."

Hanewiches and the Finance Company moved to strike the answer and to dismiss the cross complaint on the ground that the judgment in the prior action in the Pulaski Circuit Court was res judicata and a bar to the assertion of the cross claim. The trial court sustained these motions. After a trial to the court, the court ruled that Hanewiches take nothing by way of their complaint for possession and that the Finance Company was entitled to possession of the premises and $3,680.00 rent from Middelkamps for their use of the premises from July 1969 until the date of judgment. Middelkamps failed to file a motion to correct errors; their appeal from this judgment was dismissed. *Middelkamp* v. *State Exchange Finance Co.* (1972), 155 Ind. App. 45, 290 N.E.2d 780.

## C.

### The Present Complaint

On May 17, 1973, Middelkamps filed the present action against Hanewiches in four paragraphs. Paragraph one mirrors the cross claim filed by them in the prior Jasper Circuit

Court action. No new facts are alleged. A difference in wording appears in several places only because of the fact that the cross claim was filed in 1971, prior to the expiration of the alleged five-year redemption period, and the present complaint was filed in 1973, after the expiration of this redemption period. The only other difference is that the word "plaintiff" has been changed to "defendant," and vice versa. The same relief is sought, specific performance of the oral agreement, an accounting of rents and profits from Hanewiches' use of the tillable land on the property, the execution of a deed to the real estate, and "all other proper relief."

In paragraph two, Middelkamps incorporate all the allegations of paragraph one, except the prayer for relief. In paragraph two, Middelkamps seek the declaration of a trust as to the real estate, an accounting, the execution of a deed, and "all other proper relief."

In paragraph three, Middelkamps incorporate all the allegations of paragraph one, and, in addition, allege that Hanewiches have notified Middelkamps that they will not be bound by the oral agreement, that by virtue of Hanewiches' refusal to reconvey the premises Middelkamps were forcibly removed from the real estate by a third party, namely, State Exchange Finance Company, and that Middelkamps have been damaged in the sum of $250,000.00.

In paragraph four, Middelkamps ask for rescission of the 1966 deed, an accounting, and "all other proper relief." The grounds for rescision are:

"11.   That the market value of said hereinabove described real estate at the time that Plaintiffs transferred title thereto to the Defendants was greatly in excess of the sum of Fifty-five thousand dollars ($55,000.00).

"12.   That the sum of money transferred to Plaintiffs by Defendants in relation to the then market value of the real estate together with the refusal of the Defendants to complete the agreement between the Plaintiffs and Defendants indicates an apparent lack of the meeting of the minds of the parties such that the contract failed for want of ade-

quate consideration for the transfer of title from Plaintiffs to the Defendants."

## D.

### The Law

In *Crown Point Sch. Corp.* v. *Richards* (1973), 154 Ind. App. 545, 549, 290 N.E.2d 449, 452, and *Wright* v. *Kinnard* (1970), 147 Ind. App. 484, 488, 262 N.E.2d 196, 199-200, this Court enumerated the elements required for the application of the doctrine of res judicata:

"The basic elements of res adjudicata are fourfold: (1) the former judgment must have been rendered by a court of competent jurisdiction; (2) the matter now in issue was, or might have been, determined in the former suit; (3) the particular controversy adjudicated in the former action must have been between the parties to the present suit; and (4) judgment in the former suit must have been rendered on the merits. . . ."

Under this doctrine, a judgment precludes a second action founded upon the same or a substantially identical cause of action. Actions are identical if identical evidence will support the issues tendered in both. *See, e.g., Stuck* v. *Town of Beech Grove* (1928), 201 Ind. 66, 163 N.E. 483; *Fairwood Bluffs Conservancy District* v. *Imel* (1970), 146 Ind. App. 352, 255 N.E.2d 674. Even if the second action is on a different claim or demand, the prior judgment acts as an estoppel, but only as to matters in issue actually controverted and actually determined in the prior action. *See, e.g., Stuck* v. *Town of Beech Grove, supra; Citizens Loan & Trust Co.* v. *Sanders* (1933), 99 Ind. App. 77, 187 N.E. 396.

Indiana Rule of Procedure, Trial Rule 13(A), regarding compulsory counterclaims, is closely connected to the res judicata estoppel theories. The rule provides:

"(A) Compulsory counterclaims. A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the sub-

ject-matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction. But the pleader need not state the claim if

(1)   at the time the action was commenced the claim was the subject of another pending action, or

(2)   the opposing party brought suit upon his claim by attachment or other process by which the court did not acquire jurisdiction to render a personal judgment on that claim, and the pleader is not stating any counterclaim under this rule."

A compulsory counterclaim may be considered a matter which might have been litigated in the former controversy in which it should have been asserted, so that if the other elements of res judicata are present, namely, competent court, same parties, and judgment on the merits, the later assertion of the counterclaim is barred. Professor Wright suggests that the soundest analysis of Rule 13 is that

"Rule 13 does not create the absolute bar of res judicata but is 'a bar created by rule   *   *   *   which logically is in the nature of an estoppel arising from the culpable conduct of a litigant in failing to assert a proper counterclaim.' "   C. WRIGHT, HANDBOOK OF THE LAW OF FEDERAL COURTS § 79, at 347 (2d ed. 1970), *quoting from House* v. *Hanson* (1955), 245 Minn. 466, 470, 72 N.W.2d 874, 877.

Whichever analysis is used, it is clear that the effect of the compulsory counterclaim provision of Trial Rule 13 is to preclude the assertion of such a counterclaim in a subsequent action between the parties.

A preliminary determination to be made in the present case is whether and when the rules of procedure applied in the actions between the parties. Trial Rule 84 provides:

"These rules will take effect on January 1, 1970. They govern all proceedings in actions brought after they take effect and also all further proceedings in actions then pending, except to the extent that in the opinion of the court their application in a particular action pending when the rules take effect would not be feasible or would work injustice, in which event the former procedure applies."

The rules could not have applied in the first action between the parties (the recission action in the Pulaski Circuit Court), since judgment was entered in that action on July 9, 1969. In the second action (the possession action in the Jasper Circuit Court), the complaint was filed on September 20, 1969, prior to the effective date of the rules. However, on June 4, 1971, Middelkamps filed pleadings entitled "Additional Paragraph of Answer, in Affirmative Answer" and "Cross Complaint." When these pleadings were filed, nearly a year and a half after the effective date of the rules, the rules applied unless, in the opinion of the court, their application "would not be feasible or would work injustice. . . ."

It is our opinion, and we find no suggestions to the contrary in the record or the briefs, that the application of the rules when the additional pleadings were filed in the second action was feasible and would not work injustice. The parties had ample time to become familiar with the rules. The pleadings were voluntarily filed by Middelkamps, so that this was not a case in which Middelkamps were forced to change their trial or pleading strategy in mid-stream because of the intervening enactment of the rules. The other parties responded to Middelkamps' pleadings by filing Trial Rule 12 motions to strike and to dismiss. Thus, it is clear that in June 1971, the rules of procedure must have applied in the pending action between the parties.

We will now examine each of the pleading paragraphs of the present complaint to determine the applicability of the above-stated res judicata theories. We conclude that the claims now asserted in paragraphs one, two, and three of the present complaint were compulsory counterclaims in the second action between the parties, and, since they were not there asserted, they may not now be the basis of an independent action. We conclude that the claim asserted in paragraph four of the instant complaint was a claim that might have been asserted in the first action (for rescission

of the deed) between the parties, and, thus its assertion now is barred by the doctrine of res judicata.

## 1. Paragraphs One, Two and Three

Middelkamps' claims for specific performance of the alleged oral agreement (paragraph one of the instant complaint), for the declaration of a trust in their favor as to the property (paragraph two), and for damages for breach of an alleged oral agreement to reconvey (paragraph three) meet all the tests for compulsory counterclaims and should have been asserted in the second action between the parties.

The first test for a compulsory counterclaim is whether it "[arose] out of the transaction or occurrence that is the subject-matter of the opposing party's claim. . . ." The test for compulsoriness is a logical relationship test, as stated by the United States Supreme Court in a case under the former equity rule from which federal rule 13(a) was derived:

> " 'Transaction' is a word of flexible meaning. It may comprehend a series of many occurrences, depending not so much upon their connection as upon their logical relationship." *Moore* v. *N.Y. Cotton Exchange* (1926), 270 U.S. 593, 610, 46 S.Ct. 367, 371, 70 L.Ed. 750, 757.

*See* Civil Code Study Comm'n Comments to Rule 13(A); *Excelsior Clay Works* v. *DeCamp* (1907), 40 Ind. App. 26, 80 N.E. 981. The term "transaction or occurrence" is given a broad interpretation by the courts to avoid multiplicity of litigation. *See* Civil Code Study Comm'n Comments to Rule 13(A); W. HARVEY, 2 INDIANA PRACTICE 20 (1970); C. WRIGHT & A. MILLER, 6 FEDERAL PRACTICE AND PROCEDURE § 1410 (1971).

In the second action between the parties, the Finance Company, as the holder of legal title, and the Hanewiches, as holders of an equitable interest under a contract to purchase the real estate from the Finance Company, sued to oust Middelkamps from possession of a portion of the real estate

occupied by Middelkamps after the 1966 transfer of title. Middelkamps' defense to the suit must have been that their possession was rightful under the terms of an oral agreement between themselves and the Hanewiches. Middelkamps' claims to an equitable interest in the entire property, based on the oral agreement which allegedly made the transfer of title to Hanewiches conditional on Middelkamps' right to redeem, were logically related to the opposing parties' right to oust Middelkamps from rightful possession under this contract. Hanewiches' and the Finance Company's right to possession derived from the warranty deed executed by Middelkamps. Middelkamps' claim to an equitable interest in the entire property was based upon an agreement, the terms of which made the deed conditional. The subject matter of Hanewiches' and the Finance Company's claims was their right to possession of the land. Middelkamps' rights to possess and redeem the land were undoubtedly logically related to the subject matter of the opposing parties' claims. Likewise, Middelkamps' claim for damages for breach of the agreement allowing them to redeem was also logically related to the opposing parties' claims to an unencumbered, exclusive, and unrestricted right to possess the property.

Middelkamps' claims meet the other tests for compulsoriness. They were matured and held by Middelkamps at the time they served their answer and cross claim in June 1971. Their equitable interest in the property, and their right to redeem, existed until December 1971. Their claim for damages for breach of the redemption agreement matured at the time Hanewiches asserted their right to possession in contravention of the terms of the oral agreement. None of their claims required for their adjudication the presence of a third party. And none of their claims were the subject of another pending action at the time the suit was brought.[5]

5. At the time the suit was brought, the judgment in the first action for rescission of the deed was being appealed. Only the claim asserted in paragraph four of the instant complaint was the subject of that first action.

Thus, the claims asserted in paragraphs one, two, and three of Middelkamps' complaint in the instant case were compulsory counterclaims in the second action between the parties.; and, since they were not there asserted, they are barred by the branch of the res judicata estoppel theory which makes a compulsory counterclaim a matter which might have been litigated in a prior action between the parties. The assertion of these claims is barred by the final judgment of a competent court on the merits in an action between the parties in which such claims were required to be asserted.

We realize that Middelkamps did, in fact, attempt to assert their equitable interest in the property by way of a claim for specific performance in the second action between the parties. The trial court dismissed that claim on the ground that the judgment in the first action was res judicata as to Middelkamps' assertion of that claim.[6]

---

6. The court determined, when it dismissed the cross claim in the second action, that the judgment in the first action was res judicata as to the issues and cause of action asserted in the cross claim. Paragraph one of the instant complaint mirrors the cross claim. Thus, the trial court's determination of the res judicata effect of the first action on the issues and cause of action asserted in the cross claim is determinative of the res judicata effect of the first action on the identical issues and cause of action asserted in paragraph one of the instant complaint. Trial Rule 41(B) provides that the dismissal of a cross claim or counterclaim operates as an adjudication on the merits unless the court otherwise specifies. *See also* TR. 41(C). Thus, the dismissal of the cross claim in the second action operated as an adjudication on the merits; it was rendered by a court of competent jurisdiction; it was rendered in an action between the parties to the present suit; and it determined a matter in issue in the present action that is, that the first judgment was res judicata as to the issues and cause of action asserted in the cross claim and in paragraph one of the instant complaint. We may not consider whether or not this determination was correct. *Groves* v. *Burton* (1954), 125 Ind. App. 302, 123 N.E.2d 204. Correct or not, it is binding upon the parties.

By the same analysis, Middelkamps' request in paragraph two of the present complaint for the declaration of a resulting trust as to the property was also determined by the court's dismissal of the cross claim. The nature of Middelkamps' claim in paragraph two is identical to their claim in paragraph one for specific performance. A resulting trust arises when the legal title to property is in one party but the presumed intent of the parties by their acts and conduct is that the beneficial interest in the property is to go to another. *See Toney* v. *Wendling* (1894), 138 Ind. 228, 37 N.E. 598. When Middelkamps ask that a resulting trust be declared in their favor, based upon an oral agreement on the part of Hanewiches to hold the property for them to redeem within five years,

## 2. Paragraph Four

In paragraph four of the instant complaint, Middelkamps seek rescission of the 1966 transfer of title to the real estate on the grounds that Hanewiches' failure to perform according to the agreement, coupled with the fact that the land was worth more than $55,000.00 at the time of the conveyance, indicate an apparent lack of meeting of the minds at the time of the conveyance. Clearly, if these allegations state a claim, it was a claim that could have been litigated in the first rescission action between the parties. No facts are now alleged which were not known to Middelkamps at the time of the first action. When Middelkamps first sought rescission of the transfer to title, they were required to set forth all facts then known which would have supported their rescission claim. The purpose of the doctrine of res judicata is to avoid piecemeal litigation.

All the claims asserted in the present complaint are barred by the doctrine of res judicata and the related doctrine of estoppel to assert compulsory counterclaims. The trial court properly granted summary judgment against Middelkamps and in favor of Hanewiches, because the matters presented to the trial court showed that there was no genuine issue as

---

they, in essence, are asking that their right to redeem under this oral contract be enforced. The same facts are alleged in support of both claims; the same proof would support both claims as they are stated in the present case, and the same relief, a deed to the property, would be ordered if Middelkamps prevailed on either claim.

It is generally stated that the doctrine of res judicata does not prevent the assertion of a similar claim on a more correct legal theory after a party has failed to establish his claim for relief under an incorrect legal theory. However, this does not mean that a plaintiff may bring an identical cause of action with identical facts and issues, merely by changing the denomination of the relief he seeks. There must be some essential difference in the claims for relief. *See* 50 C.J.S., *Judgments* § 649 (1947). Since the claims for specific performance and for a resulting trust are identical in the present case, the trial court's determination, when it dismissed the claim in the second action between the parties, that the first judgment barred assertion of the claim, is now res judicata and a bar to Middelkamps' assertion of a resulting trust in paragraph two. Thus, if these were not compulsory counterclaims, they would still be barred by application of the doctrine of res judicata.

to the fact. Hanewiches were entitled to judgment as a matter of law.

We affirm.

Garrard and Hoffman, JJ., concur.

NOTE.—Reported at 364 N.E.2d 1024.