LEAR RESOURCES, INC., Appellant,

v.

Theodore B. ULAND, Mary Lou Uland, and Mid States Oil Co., Inc., Appellees,

v.

John BURKHALTER, et al., Appellees.

No. 1–1284 A 320.

Court of Appeals of Indiana, First District.

Nov. 18, 1985.

NEAL, Judge.

## STATEMENT OF THE CASE

Defendant and third party plaintiff-appellant, Lear Resources, Inc. (Lear), appeals a summary judgment granted in the Vanderburgh Superior Court denying Lear its indemnity claim against third party defendants-appellees, Burkhalter, et al. (Burkhalter Group).

We affirm.

## STATEMENT OF THE FACTS

Prior to October 1980, the individual members of the Burkhalter Group purchased undivided interests in gas and oil leases from Lear. Shortly thereafter, the Burkhalter Group filed a complaint in the Gibson Circuit Court against the "Uland Group," of which Lear was a member, alleging numerous violations of various state and federal securities laws. Subsequently, an entry of default judgment was entered against all the defendants including Lear. After the hearing for assessment of damages the other members of the Uland Group filed a complaint in the Vanderburgh Superior Court against Lear seeking indemnification for the damages they suffered in the Gibson County action. Lear then made the Burkhalter Group a third party defendant and filed a third party complaint against the Burkhalter Group seeking indemnification for possible damages arising from the Uland Group's complaint. Lear's claim for indemnification was pursuant to an indemnity clause contained in the gas and oil lease purchase agreements to which the Burkhalter Group's members were parties. The Burkhalter Group filed a Motion to Dismiss, or in the Alternative, Motion for Summary Judgment asserting that Lear's indemnity claim should have been raised as a compulsory counterclaim in the Gibson County lawsuit and therefore was barred by the doctrine of res judicata. In addition, the Burkhalter Group asserted that the purchase agreement indemnification clause

Timothy R. Dodd, Evansville, for appellant.

Mark W. Rietman, Buthod, Longest, Clark, Rietman, Steedman & Link, Evansville, for John Burkhalter, et al.

was unenforceable. The trial court treated the Burkhalter Group's motion as a motion for summary judgment and granted it, finding in favor of the Burkhalter Group on both of its assertions.

## ISSUES

Lear presents the following two issues, as rephrased and rewritten by this court, for review:

I. Is Lear's third party complaint barred due to its failure to assert its indemnification claim as a compulsory counterclaim against the Burkhalters in the Gibson County action?

II. Is the indemnification clause, contained in the oil and gas lease Purchase Agreements, enforceable against the Burkhalters?

Since our determination of Issue I will dispose of the case, we will not address Issue II.

## DISCUSSION AND DECISION

The standards of review for an appeal of a summary judgment are as follows:

"[M]otions for summary judgment are properly granted only when the pleadings and other matters of record reveal that there is no genuine issue or dispute as to material fact and that the moving party is entitled to judgment as a matter of law. To determine whether such issues exist, the court must accept as true those facts alleged by the nonmoving party and resolve all doubts against the moving party. The granting of a motion for summary judgment is not appropriate if the trial court must weigh conflicting evidence to reach a decision, or even if there are conflicting inferences which may be drawn from undisputed facts. However, despite conflicting facts and inferences on some elements of a claim, summary judgment may be proper where there is no dispute or conflict regarding a fact that is dispositive of the litigation. Moreover, on appeal, all reasonable presumptions will be indulged in favor of the rulings and judgments of a trial court, and no presumptions will be indulged in favor of an appellant to sustain his alleged error. The burden of proving reversible error is on the appellant."

*Barnd v. Borst* (1982), Ind.App., 431 N.E.2d 161 (citations omitted).

Given these standards of review, we now turn to the substantial issues. Ind. Rules of Procedure, Trial Rule 13(A) reads as follows:

"A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject-matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction. But the pleader need not state the claim if:

(1) at the time the action was commenced the claim was the subject of another pending action; or

(2) the opposing party brought suit upon his claim by attachment or other process by which the court did not acquire jurisdiction to render a personal judgment on that claim, and the pleader is not stating any counterclaim under this rule."

Five requirements need to be met before a counterclaim becomes a compulsory counterclaim under T.R. 13(A):

(1) The claim must arise from the same transaction or occurrence that is the subject matter of the opposing party's claim;

(2) The claim must exist at the time the responsive pleadings are served;

(3) The presence of third parties beyond the court's jurisdiction can not be required for the counterclaim adjudication;

(4) The claim cannot be the subject of another pending action at the time the action is commenced; and

(5) The opposing party's suit was not brought by attachment or other process by which the court is without jurisdiction to render a judgment in per-

sonam, and the pleader is not stating any counterclaim under the rule.

Lear does not quarrel with the fact that requirements (1), (3), (4) and (5) have been met. Rather, it contends that its indemnity claim against the Burkhalter Group did not exist when it, as a defendant in the Gibson County action, filed its responsive pleadings.

The purchase agreement's indemnity clause reads as follows:

"The undersigned [the Burkhalter Group] will exoneratw (sic) and indemnify you [Lear] against all claims, suits, obligations, liabilities and damages, including attorney's fees however and whenever arising out of the acquisition by or issuance or transfer to me [the Burkhalter Group] of said Interest (s) by me [the Burkhalter Group] or any actual or attempted offer, sale, transfer, pledge, hypothecation, or other disposition of said Interest (s) by me [the Burkhalter Group] or any subsequent holder of record thereof, or any refusal thereof or delay therein or any violation of said Securities Laws by me [the Burkhalter Group] in connection with any of the foregoing, or any allegation or investigation as to any of the foregoing on such violation or any violation by me [the Burkhalter Group] of any term or provision of the Request for Interest [Purchase Agreement]."

Assuming arguendo that the indemnity clause is enforceable, it clearly existed in the Gibson County action as either a claim against the Burkhalter Group or a defense against their complaint.

 The Burkhalter Group's complaint in the Gibson County action asserted that in their acquistions of the gas and oil leases from Lear, Lear violated various state and federal securities laws. The indemnity clause proposes to have the various members of the Burkhalter Group exonerate and indemnify Lear against all claims, suits, liabilities and damages arising out of their acquisitions of the leases. Their complaint in the Gibson County action was clearly a suit arising from their acquisition of the leases. Therefore Lear's claim or defense of indemnity clearly existed when it served its responsive pleadings in that case action.

 If the existence of the indemnity clause is viewed as a counterclaim, it met all five requirements of T.R. 13(A) and therefore must have been asserted in compliance with the rule. Failure to do so bars Lear from now asserting the claim. *Middelkamp v. Hanewich* (1977), 173 Ind.App. 471, 364 N.E.2d 1024. Whether one applies a res judicata analysis or the more sound analysis of estoppel by rule (*see Middelkamp, supra,* quoting from C. Wright, Handbook of the Law of Federal Courts, Sec. 79, at 347 (2d ed. 1970), quoting from *House v. Hanson* (1955), 245 Minn. 466, 470, 72 N.W.2d 874, 877), failure to comply with T.R. 13(A) bars the assertion of the counterclaim in a subsequent action between the parties. *Middelkamp, supra.*

 In addition, Lear's present indemnity claim is similarly barred if the existence of the indemnity clause is viewed as a defense to the Gibson County action rather than a counterclaim. All issues properly before a court which could have been determined or which were determined are considered finally adjudicated and all parties thereto are bound thereby. *Barker v. State* (1963), 244 Ind. 267, 191 N.E.2d 9. In particular a defendant must assert all defenses which he has, and judgment for plaintiff is conclusive as to such defenses, whether pleaded or not. *Olds v. Hitzemann* (1942), 220 Ind. 300, 42 N.E.2d 35.

Given the above, Lear's third party complaint asserting indemnification by the Burkhalter Group is barred whether its existence in the Gibson County action is viewed as a counterclaim or a defense.

Judgment affirmed.

RATLIFF, P.J., and ROBERTSON, J., concur.