T. Brooks BRADEMAS and Patricia Miller Brademas, Plaintiffs–Appellants,

v.

CARRIAGE HOUSE OF MISHAWAKA II, a partnership of Marion County, Indiana, Defendant–Appellee.

No. 3–579A127.

Court of Appeals of Indiana, Third District.

Dec. 29, 1980.

F. Richard Kramer, South Bend, for plaintiffs–appellants.

Thomas P. Loughlin, David V. Bent, Bingham, Loughlin, Means & Mick, Mishawaka, for defendant–appellee.

GARRARD, Presiding Judge.

In 1970 the appellants (Brademas) entered into a trust agreement with Real Estate Development Co. (Development Co.) for the sale of certain real estate owned by Brademas. Payments were to be made on the contract in installments with title passing as installments were received. Development Co. had acquired 19 of the 33 acres contemplated by the contract when it defaulted. After the default Brademas held 14 of the original 33 acres. Unfortunately, while the 19 acres which had been conveyed were adjacent to a roadway, the 14 retained by Brademas were not.

These parties became engaged in litigation when the Development Co., after declaring its default, mistakenly mailed to Brademas a check for the remainder of the purchase price. Brademas refused to return the payment until the Development Co. granted him an easement across its 19 acres. Development Co. then filed suit to recover the erroneous payment. Brademas counterclaimed seeking specific performance of the original agreement.[1] The trial court found for Development Co. on its claim and against Brademas on his counterclaim. On appeal we affirmed. *Brademas v. Real Estate Development Co.* (1977), Ind. App., 370 N.E.2d 997.

A few months later Brademas commenced this action against Carriage House of Mishawaka II (Carriage House) which as the immediate successor in interest to Development Co. is the present owner of the 19 acres. Brademas herein sought a declaration that he was entitled to an easement by implication or way of necessity over the 19 acre tract for ingress and egress between his 14 acre tract and the public road.

Ultimately the trial court granted summary judgment in favor of Carriage House on the basis that Brademas was precluded by the prior litigation from maintaining the present action. We agree and affirm.

Although the parties expend much argument examining the principles of res adju-

---

1. One of the original issues was thus whether the agreement in the form in which it was drafted permitted Development Co. to elect to purchase less than the entire tract. That issue was resolved adversely to Brademas.

dicata, estoppel by judgment and election or remedies, we find it unnecessary to respond in kind. The controlling principle is simpler and more direct.[2]

Indiana Rules of Procedure, Trial Rule 13 establishes the procedure for asserting counterclaims and requires that a pleading *shall* state as a counterclaim

> "any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject—matter of the opposing party's claim . . . ."

TR 13(A).

Clearly, the effect of this provision is to require that "compulsory" counterclaims be asserted in compliance with the rule or be barred. *Middelkamp v. Hanewich* (1977), Ind.App., 364 N.E.2d 1024; Comments, Civil Code Study Commission, 2 Harvey, Indiana Practice 8.

While the genesis for the provision lies in the concepts of res adjudicata, at least two notable authorities have observed that the bar is in reality more direct; an estoppel by rule. *Vestal, Claim Preclusion by Rule*, 2 *Indiana Legal Forum* 25 (1968); C. Wright, Handbook of the Law of Federal Courts, § 79, p. 347 (2d Ed. 1970). Judge Staton recognized this distinction in *Middelkamp*, 364 N.E.2d 1034 and we reiterate it now.

The original claim by Land Development for the return of the money erroneously paid by it (as well as Brademas' asserted counterclaim for specific performance) arose out of the same occurrence or transaction, the original trust agreement and the conveyances made pursuant thereto, as Brademas' present claim for an easement by implication or way of necessity. It therefore should have been asserted in compliance with TR 13(A) in the original action. Since it was not, Brademas is now properly barred from asserting it against Land Development's privy and successor in interest, Carriage House.

Finally, assuming as Brademas asserts, that the trial court erred in securing and examining some uncertified copies of pleadings from the original case, we are persuaded that such error was harmless in the context of our decision and the circumstances here present.

The judgment is therefore affirmed.

STATON and HOFFMAN, JJ., concur.

---

2. Our obligation is to affirm the trial court if its decision is correct, albeit for a different reason than assigned by the court. *Motor Dispatch Inc. v. Buggie* (1978), Ind.App., 379 N.E.2d 543.

Here the court found the claim barred by the prior litigation, although it characterized the bar as arising from the principles argued.